Edward S. Conway, J.
This is an article 78 proceeding brought by the petitioner, Jack S. Buzzard, for an order prohibiting the respondent from refusing to admit him to the New York State chiropractic licensing examinations, and to compel the respondent to admit the petitioner to the next available chiropractic licensing examination and to such further examinations as are required pursuant to law, and for a further order restraining the respondent pendente lite, from taking penal action against him during the pendency of this action.
The respondent in turn moves for an order denying the application for a restraining order and further moves for an order dismissing the petition on the grounds: 1) that the proceeding is barred by CPLR 217 in that four months have elapsed since petitioner’s application was finally denied; 2) that the petition fails to state facts sufficient to constitute a cause of action or to entitle the petitioner to the relief requested; and 3) that the petition fails to state facts sufficient to entitle the petitioner to an order restraining respondent from taking penal action against him pursuant to section 6514 of the Education Law.
On or about January 23, 1964, petitioner filed an application with the Department of Education requesting admission to the *905 New York State chiropractic licensing examination scheduled for April, 1964, pursuant to section 6556 of the Education Law. He had obtained his chiropractic education at the Bebout College of Chiropractic of Indianapolis, Indiana. After completing their formal course of study he was awarded the degree of Doctor of Chiropractic. During his attendance at Bebout College, petitioner completed 1,050 credit hours. Subsequent to his graduation on May 25,1962, petitioner became engaged in the practice of chiropractic in New York State.
On March 3, 1964, petitioner was advised by the respondent, Department of Education, that his request for admission to the licensing examinations had been denied on the ground that the 1,050 credit hours completed by petitioner at Bebout College were below the 1,750 credit hours minimum requirement for a two-year program established by the Education Department.
Petitioner has never been admitted to the chiropractic licensing examination and has been served with a notice stating that respondent intends to request the Attorney-General to bring criminal action against the petitioner under the criminal penalties section of the Education Law (§ 6512) for practicing chiropractic without a license.
The statute governing petitioner’s application was former section 6556 of the Education Law which was added by chapter 780 of the Laws of 1963 and amended by chapter 572 of the Laws of 1965.
‘ ‘ § 6556. Present practitioners.
‘ ‘ 1. The department shall issue a license to an applicant who files his application, accompanied by a fee of forty dollars, prior to July first, nineteen hundred sixty-five, and who:
“ a. is twenty-one years of age or over;
“ b. is a citizen of the United States or who has duly declared his intention of becoming a citizen in accordance with law;
“ c. is a graduate of a resident course in chiropractic, consisting of not less than two school years of formal study;
‘ ‘ d. is of good moral character;
~ “ e. is a resident of this state and has been a resident for at least one year prior to July first, nineteen hundred sixty-three;
“ 4. Any person who files his application prior to July first, nineteen hundred sixty-five and who meets the requirements of paragraphs a, b, c, d and e of subdivision one of this section, and who has been engaged in the practice of chiropractic in this state for a period of less than the two years prior to July first, nineteen hundred sixty-three, shall be eligible for examination *906 as provided in section sixty-five hundred fifty-two and shall he licensed upon successfully passing such examination.”
Petitioner’s formal study as set forth in his application and as part of his petition herein consisted of a total of 1,050 hours of instruction over a two-year period. The Legislature recognized that a modern course of chiropractic comprising four school years must contain not less than 4,000 hours as it relates to chifopractic analysis and the practice of chiropractic. The legislative standard if applied to the two-year course required of petitioner and other grandfather candidates under section 6556 would require 2,000 hours in certain listed subjects. The respondent herein, however, accepted 1,750 hours as a minimal two-year resident course in chiropractic. Petitioner did not meet this requirement.
Petitioner contends that section 6556 of the Education Law limits the power of the Education Department in issuing of licenses and is devoid of any language which would give the department the power to refuse admission to the licensing examinations and further that the Education Law contains no language relating to credit hours. Petitioner further contends that other graduates of Bebout were permitted to complete the licensing examinations and that it is inconsistent to allow graduates of Lafayette College of Chiropractic in New York State to participate in licensing examinations but deny admission to their teachers, many of whom are Bebout graduates.
Chiropractic, having to do with the health and well-being of the people, requires a high degree of general knowledge and technical skill and is a field where the power of the State may well be asserted to make sure that only properly qualified persons shall undertake its responsible and difficult duties. (Wasmuth v. Allen, 14 N Y 2d 391.)
The statute requires an applicant for license to practice chiropractic to pass tests in basic subjects and to graduate from a two-year resident course in chiropractic, and for the respondent to require a certain number of hours of study does' not constitute an arbitrary and unreasonable exercise of administrative power.
Petitioner’s other contentions are completely refuted by the affidavits of the respondent.
The petitioner has failed to state facts to show that the respondent has acted illegally or in an arbitrary and capricious manner. Therefore, the petition is denied and the cross motion of the respondent is granted. This court is of the further opinion that this proceeding is untimely and could be dismissed on that ground alone.